UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZONGQUIN HE,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                                    Respondents. | Case No.:  26-CV-1893 JLS (DEB)<br><br>**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 3) |

Presently before the Court are Petitioner Zongquin He's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("Mot.," ECF No. 3).  Also before the Court is Respondents' Response to Petition ("Ret.," ECF No. 4).  Petitioner did not file a traverse.  *See generally* Docket. Petitioner, a citizen of China, alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since February 4, 2026.  Pet. ¶ 38.

Respondents state that Petitioner is subject to mandatory detention under § 1225(b)(2); however, Respondents "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts."  Ret. at 2 (collecting cases).  Respondents therefore do "not oppose the [P]etition

and defer[] to the Court on the appropriate relief." *Id.* at 3.  The Court finds that Petitioner is entitled a bond hearing under § 1226(a).  *See Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025) (granting bond hearing in similar facts).

Accordingly, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 3), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u>.  If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.  The Parties **SHALL FILE** a Joint Status Report by <u>May 1, 2026</u>, informing the Court of the outcome of the hearing.

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412.  Pet at 17.  The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26-CV-1893 JLS (DEB)

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.  Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondent is instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  April 10, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1893 JLS (DEB)